# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**VENOY LAKEITH HARTFIELD**                                                     **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 1:08cv592-HSO-JMR**

**DAVID ALLISON**                                                                          **DEFENDANT**

_____

## MEMORANDUM OPINION:

This matters comes before the Court pursuant to a Motion [26-1] to Dismiss filed on behalf of Defendant, Sheriff David Allison, due to the failure of Plaintiff, Venoy Lakeith Hartfield, to advise the Court of a change of address. After carefully considering the record of the proceedings, along with the applicable law, the Court finds that the Defendant's Motion [26-1] to Dismiss is well taken and should be granted.

Plaintiff filed this *pro se* § 1983 action on September 10, 2008. On September 11, 2008, the Court entered an Order [3-1] advisingPlaintiff of his duty to timely inform the Court of any change in his mailing address. On January 26, 2009, Plaintiff appeared before the Court for an Omnibus Hearing in this matter. Pursuant to this Hearing, a "TEXT ONLY" Scheduling Order was entered which set Plaintiff's case for a Bench Trial on June 17, 2009. Additionally, both Plaintiff and Defendant consented to trial by Magistrate, and an Order [22-1] Reassigning Case was entered on January 27, 2009. The Court notes that on March 11, 2009, the envelope containing the Defendant's Notice [23-1] to Take Deposition was returned as undeliverable. *See* Docket Entry [ 25-1]. On March 18, 2009, Defendant filed the current Motion [26-1] to Dismiss for lack of prosecution.

On April 9, 2009, the Court utilized the Mississippi Department of Correction's website in order to verify what was believed to be Plaintiff's current whereabouts. The Court then issued an

Order [30-1] to Show Cause and requested that Plaintiff respond in writing to verify that he was the "Venoy Hartfield" currently incarcerated at the South Mississippi Correctional Institute. Plaintiff's response was due on or before April 29, 2009. On April 30, 2009, after receiving no response from Plaintiff regarding the Order [30] to Show Cause, the Court entered a "Text Order Only" rescheduling Plaintiff's bench trial for September 15, 2009.

On May 7, 2009, the Court entered a Second Order [32-1] to Show Cause directing Plaintiff to verify his current mailing address. In order to ascertain Plaintiff's correct address, the Court once again utilized the MDOC website, and then contacted the Inmate Records Department at the South Mississippi Correctional Institute to verify Plaintiff's precise Unit location. The Court forwarded its Second Order [32-1] to Show Cause to Plaintiff by certified mail, return receipt requested. Plaintiff's response to the Order was due on or before May 27, 2009. On May 11, 2009, the Court received the return receipt to its Second Order [32-1] to Show Cause. *See* Docket Entry [34-1]. However, Plaintiff never provided a written response verifying his mailing address, nor did he show cause for his previous failures to update his address in a timely fashion.

Incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district

> courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of the a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calenders of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

To date, Plaintiff has failed to update his address or respond to either of this Court's Orders [30-1; 32-1] to Show Cause. Further, Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on April 9, 2009, and again on May 7, 2009. Plaintiff's failure to comply with this Court's orders has caused considerable delay and necessitated the rescheduling of Plaintiff's trial date. Due to Plaintiff's unknown whereabouts, Defendants have been unable to

depose Plaintiff or conduct any discovery in this matter, and the discovery deadline expired on March 17, 2009. Furthermore, the record reflects that Plaintiff has not contacted the Court in any fashion since the Omnibus Hearing on January 26, 2009. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, the Court finds that the Defendant's Motion [26-1] to Dismiss is well taken, and this case should be dismissed without prejudice for Plaintiff's failure to prosecute.

SO ORDERED this the   29th   day of May, 2009.


*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE